ROBERT M. FILLMORE, Justice,
concurring.
I am in complete agreement with- the majority’s discussion of the applicable law and with its determination the trial court properly sustained the objections of the North Texas Tollway Authority (NTTA) and the Texas Department of Transportation (TxDOT) to certain evidence relating to whether those entities had knowledge that specific damage to Sloan Creek II, L.L.C.’s (Sloan Creek IPs) property was substantially certain to result from their roadway improvement project. I write separately because I disagree with the majority’s analysis, in what I view as dicta, that the evidence excluded by the trial court, if considered, constituted no evidence NTTA and TxDOT knew their conduct was substantially certain to result in increased volume and velocity of rainwater discharge onto Sloan Creek IPs land and to cause erosion of the banks of Sloan Creek. I do not believe this Court has authority to issue such an advisory opinion. See Patterson v. Planned Parenthood of Houston & Se. Tex., Inc., 971 S.W.2d 439, 443 (Tex.1998); see also State v. Naylor, 466 S.W.3d 783, 794 (Tex.2015). However, if Sloan Creek IPs evidence is to be considered by the Court, I would conclude it is sufficient to raise an issue of fact as to whether both NTTA and TxDOT knew the erosion of Sloan Creek was “substantially certain to result” from the roadway improvement project. See City of Dallas v. Jennings, 142 S.W.3d 310, 314 (Tex.2004). Accordingly, I join only in Parts (I) through (III)(B)(1) of the majority opinion, and I concur in the Court’s judgment.